ALLEN JAMES ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Burglary. Larceny. Ownership of stolen property.*

Under an indictment charging burglary with larceny, the averment of ownership in the part charging the larceny is surplusage after conviction of the burglary, and may be rejected.

2. SAME. *Corporate ownership.*

It is necessary to aver and prove the ownership of a house, or railroad car, burglarized, and if it be averred to be the property of a corporation, evidence of corporate existence must be offered.

3. SAME. *De facto.*

If the premises burglarized be charged to be the property of a railroad corporation, its corporate existence may be shown by evidence that the company was known and acted as a corporation.

4. SAME. *Code* 1892, § 4370. *Supreme court practice.*

Where, in such case, corporate existence was not shown in the trial court, and no objection was there made for want thereof, the party convicted cannot procure a reversal in the supreme court, since § 4370, code 1892, prohibits reversals by the supreme court for errors not specifically objected to in the trial court.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

ALLEN James and Edward Clark were indicted for burglary and larceny. The indictment charged the breaking and entering of a railroad car, the property of the Illinois Central Railroad Company, a corporation, with intent to steal the personal property of the said corporation then in the said car; and further charged the stealing from said car of a number of pairs of shoes, the property of the Hamilton-Brown Shoe Company, a corporation. There was no proof of the corporate existence of either corporation. Clark and James were put upon their trial jointly; the verdict was "guilty as charged;" a judgment was thereupon entered, and, after a motion for a new trial was overruled, the defendants were sentenced to the penitentiary. Defendants appealed to the supreme court.

*J H. Wynn,* for appellant, Ed. Clark.

The evidence is utterly insufficient to support the verdict against Clark; it neither proves nor tends to prove his guilt, and the motion for a new trial should have been sustained as to him. ·

*C. J. Jones,* for appellant, Allen James.

*Wiley N. Nash,* attorney-general, for appellee.

The evidence is sufficient to uphold the verdict of guilty. Most of the errors assigned were never raised in the court below, and there is no merit in those which were raised there.

"A judgment in a criminal case shall not be reversed   .   .   . because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made the ground of special exception in that court." Annotated code 1892, § 4370; *Hunt* v. *The State,* 61 Miss., 577; *Lea* v. *The State,* 64 Miss., 201.

WHITFIELD, J., delivered the opinion of the court.

We have seldom had before us a more unintelligible record.

So far as Edward Clark is concerned, it is sufficient to say that the conviction is utterly unwarranted by the testimony.

As to Allen James, we notice the contentions of learned counsel for the appellant, as follows: When the indictment charges burglary with larceny, the averment of ownership in the part charging the larceny is surplusage, and may be rejected. The precise point is decided in *Brown* v. *State,* 72 Miss., at page 990 (18 So. Rep., 432), and also in *Harris* v. *The State,* 61 Miss., at page 304. The principle is stated in *Tyler* v. *State,* 69 Miss., at page 397 (11 So. Rep., 25). "Where the entire averment of which the descriptive matter is a part is surplusage, it may be rejected, and the descriptive averment need not be proved. But it must be proved as charged wherever, if the person, thing, act, place, or time to which it refers was struck from the indictment, no offense would be charged." 1 Bish. New Cr. Proc., sec. 485. Of course, we are speaking of a case where, as here, the general verdict of guilty as charged is a conviction of the principal offense alone, as held in *Roberts* v. *State,* 55 Miss., at page 424. If the averment that the shoes were the property of the Hamilton-Brown Shoe Company were stricken out, the burglary with intent to steal would be well charged. *Brown's case,* supra. The cases of *Mobley* v. *State,* 46 Miss., 501 (attempt to commit a rape); *John* v. *State,* 24 Miss., 575 (murder); *Dick* v. *State,* 30 Miss., 631 (attempt to commit a rape); and *Tyler* v. *State,* 69 Miss., 395 (11 So. Rep., 25) (unlawful sale of intoxicants) are not in point. It is certainly settled that it is necessary to allege the ownership of the building burglarized, and to prove it as laid. 3 Enc. Pl. & Prac., p. 758, notes 3, 4; 2 Bish. New Cr. Proc., sec. 137. And, when a corporation is alleged to be the owner, there must be proof of the existence of the corporation. *Id.,* sec. 138; *Johnson* v. *State,* 73 Ala., 486; *Berry* v. *State,* 92 Ga., 47 (17 S. E. Rep., 1006); and *Norton* v. *State,* 74 Ind., at page 338, are directly in point. Mr. Bishop says (2 New Cr. Proc., p. 71) that "the *de facto* character of the corporation only need be shown in evidence;"

citing authorities. And it is said in *Norton's case,* supra, that it is enough to prove that "the railroad company was known and acting as a corporation." But there is absolutely no testimony whatever in this record as to the existence of the corporation, the Illinois Central Railroad Company, not chartered in this state; and this failure of proof would be fatal if the error had been availed of specifically in the court below. Section 4370 of the code of 1892 required this to be done, and its not having been done forbids a reversal on that ground. *Lea* v. *The State,* 64 Miss., 201 (1 So. Rep., 51). See the authorities collected in Brame & A. (Miss.) Dig., pp. 1094-1097. The appellant must specify in the court below the error of which he complains. Had that been done in this case, the proof could have been instantly supplied. The verdict is supported by the evidence as to Allen James, and we find, as to him, no reversible error.

*As to Edward Clark, the judgment is reversed, the verdict set aside, and the cause remanded for a new trial. As to Allen James, the judgment is affirmed.*