DUDLEY BROWN v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE.   *Burglary.* *Indictment.* *Ownership of house.*
   An indictment for burglary may properly lay the ownership of the house broken and entered in a lessee in possession. *James* v. *State,* 77 Miss., 372, explained.

2. SAME.  *Improper remarks of prosecuting attorney.* *Test of reversible error.* *Supreme court practice.*
   The test of reversible error in a criminal case because of improper statements by the prosecuting attorney in argument to the jury is whether the result reached would clearly and certainly have been the same, notwithstanding the error.

FROM the circuit court of Pike county.

HON. JEFF TRULY, Judge.

Brown, the appellant, was indicted, tried, and convicted of burglary, and appealed to the supreme court. The indictment charges that appellant did break and enter, etc., the storehouse of Aaronson, etc. The proof showed that the ownership of the freehold of the property entered was in one Moyse, but that Aaronson had rented the house for a storehouse, and used and occupied it as such at the time the goods were stolen therefrom. The court refused the following instruction asked for defendant: "If the jury believe in this case beyond all reasonable doubt that the storehouse alleged to have been broken into was not the property of Aaronson, as alleged in said indictment, you must find the defendant not guilty."

The district attorney made the following remarks to the jury, to which the defendant's counsel objected: "If you are going to do like the juries did last week, turn everybody loose, regardless of evidence, why I might just as well close up shop.

If you are going to believe the defendant, this entire court is a farce; he never denied his guilt until he employed counsel." Defendant's motion for a new trial was overruled.

*Ratcliff & Wall,* for appellant.

This cause should be reversed because the trial court refused the instruction asked for by defendant, based upon the fact that the indictment averred the ownership of the building alleged to have been burglarized to have been in Aaronson. The proof shows said property to be that of Moyse. This variance is fatal. *James* v. *State,* 77 Miss., 370.

This case should also be reversed and remanded because of the manifest unfairness and illegitimate argument of the district attorney in his final argument to the jury, to which the proper and legal exception was taken at the proper time. *Cheatham* v. *State,* 67 Miss., 335; *Cartwright* v. *State,* 71 Miss., 82; *Cavanah* v. *State,* 56 Miss., 299; *Martin* v. *State,* 63 Miss., 505; *Pullman Co.* v. *Lawrence,* 74 Miss., 782; *Hemingway* v. *State,* 68 Miss., 371; *Wood* v. *State,* 64 Miss., 761; *Lamar* v. *State,* 65 Miss., 93.

*William Williams,* assistant attorney-general, for appellee.

The burglarized store is shown by the whole testimony to be that of Aaronson. The goods taken therefrom were the property of Aaronson. He had charge of, control over, and was doing business in the store burglarized. To all intents and purposes the storehouse, at the time the burglary was committed, belonged to Aaronson. It matters not whether the fee simple title was in him or Moyse.

Argued orally by *Clem V. Ratcliff,* for appellant, and by *William Williams,* assistant attorney-general, for appellee.

WHITFIELD, J., delivered the opinion of the court.

The ownership was properly laid in Aaronson. He had rented the house as a storehouse, occupied it, and used it as such, and the goods were stolen therefrom. In *Webb* v. *State,* 52 Ala., 423, the rule is thus correctly stated: "The authorities collected in the best text-books on criminal procedure justify us in declaring that, where there is a right to the use and occupation of the building in one who is actually occupying, distinct from the ownership of the freehold or the reversionary right on the expiration of the term of the occupier, the ownership is properly laid in the occupier. 2 Bish. Cr. Proc., sec. 109; 1 Russ. Crimes, 806-820; 2 Whart. Cr. Law, 1577-1591." *Rex* v. *Rees,* 7 Car. & P., 568; 32 E. C. L., 633, is a striking case. A gardener lived in a house of his master, quite separate from the dwelling house of his master, and the gardener had the entire control of the house. He lived in it, slept in it, and kept the key. Held, that on an indictment for burglary the gardener's house might be laid either as his or his master's. To the same effect are the following cases: *Houston* v. *State,* 38 Ga., 165; *State* v. *Rand,* 33 N. H., at p. 227; *Markham* v. *State,* 25 Ga., 52. Counsel misconceives *James* v. *State,* 77 Miss., 372; 26 So., 929; 78 Am. St. Rep., 527. What is said there must be taken, of course, in connection with the facts of the case. The only party in whom ownership of the railroad car could have been laid in that case was the Illinois Central Railroad Company. The ownership was properly laid in the indictment in the Illinois Central Railroad Company, but the difficulty in the case was there was no proof that any such railroad company existed; in other words, the failure in that case was to prove the ownership as laid. Here the question is whether the ownership was properly laid.

So far as the argument of the district attorney is concerned, it needs only to be said that it was improper, and in a doubtful case would cause a reversal. Here the guilt is overwhelmingly

---

Statement of the case.

---

shown. The test is, as to reversible, error, on this, as on other grounds, would the result clearly and certainly have been the same, notwithstanding the error?

*Affirmed.*