### STATE *v.* CEPH ELLIS.

[59 South. 841.]

BURGLARY. *Judgment. Ownership of property.*

An indictment for burglary which charged that defendant "did then and there willfully, feloniously and burglariously break and enter a railroad car on the sidetrack of the New Orleans, Mobile and Chicago Railroad Company, incorporated, in the town of Union, in said county and state" is insufficient in that it failed to charge ownership of the property alleged to have been burglarized.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Ceph Ellis was indicted for burglary. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for state.

In regard to the averment in an indictment of the ownership of property which is the subject of a burglary, the principle involved in the rule is simply that the property should be identified. The title to the property, or the estate of the particular person in the property is not at all involved in the charge, on the trial of such an indictment. The identification of the property is the main thing, and the essential thing no, matter what kind of structure or building may be the subject of the indictment.

All the authorities agree that the occupancy, or the possession of the premises burglarized is sufficient to sustain an indictment for burglary. 6 Cyc., par. c., p. 210.

And this rule is true, and the ownership is properly laid in an indictment for burglary to the actual occupant, although his possession may have been wrongful as against the holder of the legal title. *Houston* v. *State,* 38 Ga. 165; *Rex* v. *Wallace,* 1 Moody, 344.

This rule is true in regard to dwelling houses, shops, offices, and all other kinds of buildings. *People* v. *Rodgers,* 81 Cal. 209; s. c., 22 Pa. 592.

So also a description of a house as occupied and controlled by a certain person is sufficient. *Sullivan* v. *State,* 13 Tex. App. 462.

So, also an allegation that the defendant broke and entered into a certain room, occupied by a certain company, in a building, is sufficient without any allegation whatever of the ownership of the building. *State* v. *Simas,* 25 Nev. 432.

I call the court's attention to the fact that this railroad car was clearly identified as being a railroad car on the sidetrack of the New Orleans, Mobile & Chicago Railroad Company, incorporated; that it was in the town of Union, in said county and state; that it contained goods, wares and merchandise for transportation and delivery.

It could not possibly be assumed from the indictment that the New Orleans, Mobile & Chicago Railroad Company has two sidetracks in the town of Union, or that it had more than one freight car at that time on said sidetrack. If, however, it has been developed, in the trial of the case, that there was more than one car there on that sidetrack of that railroad company, this would not have affected, in any manner, the validity of the indictment, but it only could have had the effect of requiring the state to elect upon which one it would proceed in the trial of the case. On this point, I refer the court to *Hamilton* v. *State,* 26 Tex. App. 206.

In the case that I have just cited, *Hamilton* v. *State,* it was expressly held by the Texas court that the ownership of a car, the burglary of which was defined by statute, was not necessary to be averred in the indictment; that it was only necessary that the car should be identified by proper averments in the indictment.

*E. S. Richardson* and *G. E. Wilson,* for appellee.

I respectfully submit the following authority for the appellee, which is as follows: "It is necessary to aver and prove the ownership of a house or railroad car burglarized, and if it is averred to be the property of a corporation, evidence of corporate existence must be offered." *James* v. *State,* 77 Miss. 370. I respectfully submit that this case settles beyond question the insufficiency of the indictment in this case, and the court is correct in its ruling in sustaining the demurrer, and that the judgment of the trial court in sustaining the demurrer should be affirmed.

REED, J., delivered the opinion of the court.

Appellee was indicted for burglary. The indictment charged that on the —— day of February, 1912, in Newton county, the appellee "did then and there willfully, feloniously, and burglariously break and enter a rail-

road car on the sidetrack of the New Orleans, Mobile & Chicago Railroad Company, incorporated, in the town of Union, in said county and state.'' There is no statement in the indictment showing the ownership of the car. A demurrer was filed to the indictment, on the ground that it failed to charge ownership of the property alleged to have been burglarized. The trial judge sustained the demurrer. The indictment should have averred the ownership of the car burglarized. *James* v. *State,* 77 Miss. 370, 26 South. 929, 78 Am. St. Rep. 527. The trial judge did not err in sustaining the demurrer.

*Affirmed.*