## HOUSE *v.* STATE.

[83 South. 337, In Banc.    No. 20931.]

BURGLARY. *Instructed acquittal proper where proof failed to show ownership as alleged.*

In a prosecution for burglary where the indictment laid the owner-ship of the burglarized building in a railroad company, a corpora-tion, but the evidence failed to show that such railroad com-pany was either a *de jure* or *de facto* corporation, the court should have given a peremptory instruction for the acquittal of the defendant.

APPEAL from the circuit court of Jones county.
HON. R. S. HULL, Judge.

Frank House was convicted of burglary and appeals. The facts are fully stated in the opinion of the court.

*J. M. Arnold,* for appellant.

The first instruction authorizes a conviction if the property is believed to be property of the Southern Railroad Company when the indictment alleges it was the property of the Southern Railroad Company a cor-poration. In other words this instruction amounts to the court telling the jury it is only necessary for the

State to prove a part and not the whole of the allegations of the indictment. Then again the instruction tells the jury that in this case it is immaterial as to whom the property belonged, that is, the depot, if the jury believe the property was stolen. Now even this might possibly be true if the instruction had gone further and said "in the trial of larceny" but the in-instruction details a state of facts that at most would only make larceny and yet in a burglary case tells the jury that if the jury believe that state of facts it is immaterial on the trial of a charge of burglary. A simple reading of the instruction will show conclusively that the distinction was not drawn between larceny and burglary and the instruction was misleading to the jury. Now the appellant contends, and the record bears out this contention, that there was no testimony showing the Southern Railroad Company was or is a corporation as alleged in the indictment. This question was raised in the lower court by the appellant asking instruction No. 1 which was refused and was met by the State in asking instruction No. 1, which was given. In other words the court instructed the jury that the State did not have to prove that this was a corporation. This is no longer an open question in this State. This court in the case of James v. State, 77 M. 370-26 So. 929-78 Am. St. Rep. 527 has once for all settled this question and Judge Whitfield in the opinion in this case says "it is certainly settled that it is necessary to allege the ownership of the building burglarized and to prove it as laid. And where a corporation is alleged to be the owner, there must be proof of the existence of the corporation. Citing 2 Bishop, on Crim, Procedure, Sec. 138. . . . But there is absolutely no testimony whatever in this record as to the existence of the corporation and this failure of proof would be fatal error had it been availed of specifically in the court below." The court

refused to reverse the James Case because of failure to raise the point in the court below, but in the case at bar the appellant raised the point and instead of the state meeting it by supplying the missing testimony, if such proof existed, told the jury by an instruction practically that it was not material. Then if this was a necessary thing to be proved, if the appellant raised a reasonable doubt on the question of ownership of the depot, he was entitled to acquittal on this alone and this is what instruction No. 2 asked by the appellant and refused by the court, told the jury. The appellant was entitled to have this submitted, to the jury and the rule is too familiar in criminal cases to need any citation of law to show that the appellant was injured by the refusal of this instruction and for the giving of instructions Nos. 1 and 2. for the State and the refusal of instructions Nos. 1 and 2 asked by him the case should be reversed.

*R. M. Bordeaux,* assistant attorney general, for state.

We come now to the discussion of the proof of the ownership of the building alleged to have been burglarized. It is true that the indictment in this case charges that the building was the property of the Southern Railway Company, a corporation. The testimony shows that the Southern Railway Company was using and occupying this depot. Under the authority of Brown v. The State, 33 So. 170, it certainly was not necessary to prove that the Southern Railway Company had a deed from the N. O. & N. E. Railroad Company conveying this depot and warehouse. It is sufficient to allege ownership in the lessee, occupant or user of a building alleged to have been burglarized, although the legal title may be in some other or numerous others, for that matter.

We think of but two good reasons in alleging and proving the ownership of a building alleged to have been burglarized, and the first is to show that the building was not the building of the defendant, and, second, to so identify the property that the defendant would not be subject to another prosecution.

In this case there is no doubt about the identity of the building alleged to have been burglarized. It was the depot of the Southern Railway Company in the Town of Ellisville. This depot was used, occupied and operated by the Southern Railway Company and the question presented to this court on this appeal is this:

Will this court extend and apply the case of James v. The State, 26 So. 929, to the facts of this case and order a new trial of this appellant because of the failure of the state in the court below to offer any direct testimony that the Southern Railroad company was a corporation?

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of burglary, and the indictment on which he was tried lays the ownership of the building burglarized in the "Southern Railroad Company, a corporation," but the evidence fails to disclose that the Southern Railroad Company is either a *de jure* or *de facto* corporation; consequently the appellant's refused instruction No. 1 should have been granted. *James* v. *State,* 77 Miss. 370, 26 South. 929, 78 Am. St. Rep. 527.

*Reversed and remanded.*