### WRIGHT v. STATE.

[94 South. 716, No. 23070.]

BURGLARY. *Indictment charging ownership of building burglarized in partnership insufficient unless names of several partners set forth.*

In burglary the ownership of the building burglarized must be alleged, and it is not sufficient to charge the ownership in a partnership name unless the indictment sets forth the names of the several partners. This requirement is essential to the validity of the indictment and is for the protection of the citizen, and a conviction on such indictment cannot be upheld.

APPEAL from circuit court of Tate county.

HON. GREEK L. RICE, Judge.

Charlie Wright was convicted of burglary, and he brings error. Reversed.

*E. D. Dinkins,* for appellant.

In the brief for the state the assistant attorney-general, Mr. Holden, concedes that in burglary cases, where ownership is laid in a partnership, that the names of the partners should be stated, and, if stated, they should, of course be proven, and refers to section 1182, Hemingway's Code, and *Patterson* v. *State*, 90 So. 2, for the purpose of supporting his contention that the defect should have been taken advantage of by demurrer and cannot be availed of for the first time in this court, and rather severely criticizes the argument presented in behalf of the appellant, but I do not think his views are supported either by the statute or by the decision referred to.

It is suggested that it is unfair to the people of the state and to society to permit a person charged with crime to urge such defense for the first time in this court, but I cannot think this court will be disposed otherwise than to patiently hear and consider any argument in behalf of one charged with crime, and to determine the questions presented from the standpoint of the law "as it is written."

The question was raised below by motion to exclude, and more specifically in the motion for new trial as the insufficiency of the indictment is there pointed out, but a mere general objection that the evidence was insufficient to support the verdict should suffice. In the *Patterson case* it was held that the omission of the word "feloniously" from

the indictment was not such defect as could be taken advantage of for the first time in the supreme court, but such omission differs very widely from failure to allege or prove ownership.

The constitutional provision referred to is intended to secure to the accused such a specific description of the offense as will enable him to make preparation for the trial and also such identification of the offense as may insure him against a subsequent prosecution therefor. See the following cases: *Noonan,* 1 S. & M. 562; *Murphy,* 24 Miss. 590; *Gerard,* 25 Miss. 469; *Riggs,* 26 Miss. 51; *Norris,* 33 Miss. 373; *Newcomb,* 37 Miss. 383; *Williams,* 42 Miss. 328; *Ruby,* 43 Miss. 396; *Thompson,* 51 Miss. 353; *Cook,* 72 Miss. 517; *Hall,* 91 Miss. 216; *McCarley,* 97 Miss. 556; *Westbrook,* 76 Miss. 710; and *Herron,* 118 Miss. 420.

On the particular omission complained of (failure to allege and prove the names of the partners), attention was called to *Hampton* v. *State,* 99 Miss. 176, but I desire again to direct attention more specifically to the language employed in that decision which had reference to the crime of embezzlement, and in which it is declared that the rules of law in cases of larceny, with reference to alleging and proving ownership, apply with equal force to embezzlement, which this court has also held are the same in cases of burglary.

On the question of insufficiency of the evidence, the argument is advanced that although the one witness for the state was impeached and there was evidence to support an alibi, that the jury believed him. But this is the same situation as in all of those cases in which this court has held the evidence to have been insufficient. If the jury in any case disregard the rules of evidence and find contrary to the weight of it, it is the duty of this court to correct their decision and see that no person shall be convicted in the absence of such proof as the law requires.

I respectfully submit that the decision of the lower court should be reversed and the defendant discharged.

*H. Cassedy Holden,* assistant attorney-general, for the state.

It is first contended that the indictment was insufficient because it did not properly charge ownership of the burglarized premises, nor give the names of the persons composing the partnership of Hamilton & Rodman. Let it first be understood that there was no variance between the indictment and the proof in this respect. The indictment charged that the accused burglarized the storehouse of Hamilton & Rodman, a partnership; the evidence adduced by the state showed that the defendant, in company with others, did burglarize the storehouse of Hamilton & Rodman at Sarah, Mississippi. There could be no mistake or confusion on the part of the accused as to the nature and cause of the accusation against him.

It is unquestionably the law, that in burglary cases, when ownership is laid in a partnership, the names of the partners must be given. Failure to give the names of the partners make the indictment defective, but this defect must be taken advantage of before the jury shall be impanelled and not afterwards. See section 1182, Hemingway's Code (section 1426, Code of 1906); *Patterson* v. *State* (Miss.), 90 So. 2.

In the case at bar no objection was made to the indictment at any time until now. The indictment was not demurred to, nor was any motion to quash made. The defect complained of was amendable. It was not a substantial defect, nor did it go to the very essence of the offense. The defect consisted in the mere omission of a formality. Had seasonable objection been made to the indictment it could have been amended, and the trial proceeded with, and the defendant would have been protected in all his rights.

The cases cited in the brief of appellant on this point have no bearing whatever on this case. They are all cases involving a variance between the indictment and the proof. There is no such variance in the case at bar. Ap-

pellant cannot now complain of the failure to insert the names of the partners composing the partnership of Hamilton & Rodman.

It has long been the law that, in burglary cases, when the ownership is laid in a partnership, the names of the partners must be given. Counsel for the appellant was fully aware of this rule when the case was tried. Any lawyer who has ever handled a burglary case is familiar with this rule. It is axiomatic. In examining the indictment against his client he therefore knew full well of this defect, which he now complains of. Is it fair to the people of this state, fair to society in exercising its right to prevent crime and punishment, that a complaint of this kind can be permitted to be made for the first time in this court? Such complaints are justly and wisely required to be made before the trial begins, under our statute, otherwise the defects are waived. And in waiving a defect of the sort here complained of, this appellant is in nowise surrendering his constitutional rights, because he and his counsel knew beyond the peradventure of a doubt the exact and precise nature of the accusation contained in the indictment. Technically, in an academic and pedantic sense, the indictment was defective. But this appellant has suffered and will suffer no prejudice or injury, because of this defect; or if so, the injury is small and insignificant, and not substantial. And he cannot complain now of something which he failed to complain of at the proper time

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of burglary, the charging part of the indictment reading as follows:

"Did willfully, unlawfully, feloniously, and burglariously break and enter the storehouse of Hamilton & Rodman, a partnership, where goods, wares, merchandise, and other valuable things were kept for sale with the intent of him, the said Charlie Wright, to willfully, unlawfully, feloniously, and burglariously take, steal, and carry away the goods, wares, and merchandise of the said Hamilton and

Rodman, and he, the said Charlie Wright, did willfully, unlawfully, and feloniously and burglariously take, steal,. and carry away twelve pairs of shoes, of the value of fifty dollars, four shirts, of the value of thirty-five dollars, three dresses, of the value of twenty-one dollars, and other valuable things of the personal property of said Hamilton and Rodman, a further description of said proeprty being to this grand jury unknown."

The appellant was convicted upon the testimony of one John Eason who was indicted and convicted of the said burglary. The storehouse burglarized was a long distance from the residence of Charlie Wright, and the proof by Eason was to the effect that the burglary was committed about ten o'clock at night and that they had returned in the direction of Charlie Wright's and were at another station on the road at midnight. The said John Eason had lived with Charlie Wright for some weeks prior to the burglary, being employed as a cotton picker, and the goods were found in the possession of a brother of John Eason, who was also a witness in the case, but had no knowledge of the burglary; that is, he was not present at the burglary. This witness testified that he procured the goods found at his place from his brother, John Eason, at the residence of Charlie Wright; that the goods were taken by John out of a trunk and delivered to him; that Wright was not present at home on this occasion, and no one was at Wright's house except a boy of Wright's and the two Eason brothers. It was found at the store burglarized when examined that one of a pair of shoes had been taken and the other left in the store. A similar shoe was found at Wright's place which the evidence for the defense shows without dispute was brought there by a crippled negro who worked for Wright. John Eason, the principal witness, upon whose testimony the proof of breaking and entering the storehouse depended, was impeached in every manner known to the law. He was on his own testimony an accomplice. He made statements out of court contrary to his statements in court. He had been convicted of bur-

glary on other occasions and also of other crimes, and it was proven by witnesses knowing his reputation for truth and veracity that he was unworthy of belief and that they would not believe him on oath. The defendant proved by a physician, a white man, and by his landlord, also a white man, that on the night in question the defendant was at his home, and that he procured an order from his landlord to get the doctor to attend a man suffering from epilepsy who lived at Wright's house. The doctor testified that he was present for several hours, and particularly from ten to twelve o'clock, in Wright's house, and that Wright came for him and was there during the time he was at Wright's house. A large number of negroes also testified that they were at Wright's house on the night in question between ten and twelve o'clock going to see the afflicted boy. Some of these witnesses remained there the entire night. It was also in evidence that Wright had lived in the community for a number of years and had lived on the premises of his present landlord for seven or eight years, and that he had a good reputation for honesty and fair dealing.

The state in its instruction to the jury followed the indictment, said instruction reading as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond a reasonable doubt that the defendant with John Eason and others feloniously broke into the store of Hamilton & Rodman and took, stole, and carried away the goods of said Hamilton & Rodman as testified to by the witnesses, it is your duty to convict him."

It is first assigned for error that the indictment was void because it does not charge the ownership of the property burglarized, it being alleged in the indictment as the property of Hamilton & Rodman, a partnership, without any allegation whatever to show who the partners were. The law does not recognize a partnership as a legal entity, and, where the ownership is laid in a partnership, the partners should be averred, and the proof should correspond with

the allegation. A Mr. Hamilton was introduced as a witness, who testified that he was one of the partners, but he did not testify who composed the partnership. The questions and answers proceeded as though the property belonged to Hamilton because he was one of the partners.

It is settled by a long list of authorities that an indictment for burglary should allege ownership of the house burglarized. This averment is essential for the information and protection of the defendant. It was held in the case of *House* v. *State,* 121 Miss. 43, 83 So. 337, that an indictment charging burglarizing of the property of the Southern Railway Company, a corporation, would not be sustained by proof that showed the burglarizing was done on the property of another named railroad. In *State* v. *Ellis,* 102 Miss. 541, 59 So. 841, the demurrer was sustained to the indictment charging the breaking of a railroad car on the side track of the New Orleans, Mobile & Chicago Railroad Company because there was no statement of ownership of the car burglarized. The same principle is declared in *Lewis* v. *State,* 85 Miss. 35, 37 So. 497; *Brown* v. *State,* 81 Miss. 143, 33 So. 170; *James* v. *State,* 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527. The same rule applies in larceny (*Hughes* v. *State,* 74 Miss. 368, 20 So. 838; *McDonald* v. *State,* 68 Miss. 348, 8 So. 508); also in embezzlement (*Hampton* v. *State,* 99 Miss. 176, 54 So. 722).

While this will dispose of the present indictment, we feel that we ought to say that a conviction ought not to stand upon the evidence in this record. The only incriminating evidence of any consequence is that contained in the testimony of John Eason, who was impeached by every method known to the law while the defendant proved his defense by a large number of unimpeached witnesses, and the evidence clearly preponderates in his favor. If a new indictment should be found, the evidence for the prosecution should be materially strengthened.

The judgment will be reversed, and the appellant held on his bond to await the action of the next grand jury.

*Reversed.*