MARS *v*. STATE.

(Division A. Nov. 10, 1930.)

[130 So. 691. No. 29035.]

**A. L. Mars** and **Earl S. Richardson**, both of Philadelphia, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, William Mars, was indicted and convicted of burglary, and was sentenced to serve a term of two years in the state penitentiary, and from this conviction and sentence this appeal was prosecuted.

The indictment charged that the appellant "did then and there unlawfully, wilfully, feloniously and burglariously, break and enter the store-house of Claude Hayes, in which goods, wares and merchandise were kept for sale and use, the property of the said Claude Hayes . . .;" and on appeal the only ground urged for reversal is that there was a fatal variance between the allegations of the indictment and the proof, in that the indictment charged the plaintiff with breaking and enter-

ing the storehouse of Claude Hayes, while the proof shows that he gained entrance into the storehouse by breaking a window in, and entering through, a room in the rear of said building which was occupied by a physician as an office.

The proof shows that the building which was burglarized is owned by Claude Hayes, who owns and operates a general drug store in the front part thereof. At the rear of this drug store there were offices, two of which were, by permission of Hayes, occupied by a physician as offices. The front office occupied by this physician opened into a hallway which led directly into the drug store, and the door leading from this office into the hallway was never locked. On the date of the alleged burglary, this physician came to his office about daybreak, and discovered the appellant leaving the building with certain goods and money which he admitted he had secured by entering the drug store. Investigation showed that the appellant had gained entrance to the drug store by breaking and removing a screen which was fastened over a window in the physician's front office, and then passing through this window and office to the drug store.

The evidence shows that the appellant's purpose or intent was to steal goods and merchandise from the drug store, and that the window in this office was utilized as a means of gaining entrance to the drug store. The office was in the drug store building, and was so closely connected with the drug store as to be practically a part thereof, and therefore the ownership of the building burglarized was properly laid, and there was no variance between the allegations of the indictment and the proof offered in support thereof.

In support of this assignment of error, counsel relies on the case of James v. State, 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527. That this case does not support the contention of the appellant is made manifest by an explanation thereof, found in the case of Brown v. State, 81 Miss. 143, 33 So. 170, where the court said:

"Counsel misconceives James v. State, 77 Miss. 372, 26 So. 929, 78 Am. St. Rep..527. What is said there must be taken, of course, in connection with the facts of the case. The only party in whom ownership of the railroad car could have been laid in that case was the Illinois Central Railroad Company. The ownership was properly laid in the indictment in the Illinois Central Railroad Company, but the difficulty in the case was there was no proof that any such railroad company existed; in other words, the failure in that case was to prove the ownership as laid. Here the question is whether the ownership was properly laid."

The judgment of the court below will therefore be affirmed.

Affirmed.