CLINTON *v.* STATE.

(Division A. May 30, 1932.)

[142 .So. 17. No. 29904.]

Currie & Currie, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

Eugene Clinton, the appellant, was convicted of burglary and sentenced to serve a term of seven years in the state penitentiary.

A demurrer was interposed to the indictment, but, apparently, it was not presented to the court, as no order was entered thereon.

It was the duty of the appellant to call the attention of the court to his demurrer and have same disposed of, otherwise he must be held to have waived the demurrer.

However, in the objections to the evidence, the only point presented here worthy of consideration is in the nature of a contention that there is a variance between the evidence and the indictment, and that the indictment insufficiently alleges the ownership of the house shown to have been burglarized, and insufficiently describes the premises. The part of the indictment which is subject to this criticism is, leaving off the formal parts, in this language: "The house commonly called a corncrib, of the property of Forrest county, of the state of Mississippi, and leased by F. K. Malone, feloniously and burglariously," etc.

When the state began to introduce evidence, it offered a witness, Vanderford, a supervisor, who testified that Malone was in occupancy of the corncrib in question on property belonging to the county described by governmental subdivisions at the time of the burglary, in virtue of a lease from the county.

The objection was interposed throughout the record that the indictment alleged that the corncrib in question was owned by Forrest county, and that the words, "leased by F. K. Malone," constituted surplusage, and

that it was necessary, in an indictment, to accurately describe the property, and that the deraignment of Forrest county's title was a necessary part of the proof, citing, in support thereof, James v. State, 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527, and State v. Ellis, 102 Miss. 541, 59 So. 841.

We might add that the indictment further alleges that the house was burglarized with the intent to steal the goods and chattels of Malone then and there being, etc.

The state proved clearly that the corncrib in question was on land leased from the county and occupied by Malone, as charged in the indictment.

In the case of an indictment for burglary, allegations as to the ownership of the title to the property constitute surplusage, and, in so far as the burglary is concerned, the occupant of the property at the time is the owner, and no such particularization of description of property is required.

In State v. Ellis, supra, a demurrer was sustained by the lower court to an indictment for burglary, wherein it was charged that the burglary was of a car on the side track of the New Orleans, Mobile & Chicago Railroad Company. There was no sort of charge of ownership in said railroad company or any other person, and this court held that the demurrer was properly sustained.

In James v. State, supra, the indictment properly laid the ownership in the Illinois Central Railroad Company, but the court declared that the record disclosed no proof whatever that any such railroad company existed.

In Wright v. State, 130 Miss. 603, 94 So. 716, the indictment alleged, and the evidence was in accordance therewith, that a named partnership was the owner of the burglarized house without setting out the names of the persons composing the partnership. This was held to be the equivalent of proving no ownership at all, as a partnership was neither an individual nor a corporation, nor any kind of legal entity.

In order to make clear the position of this court on the question of necessary evidence, we cite Lewis v. State, 85 Miss. 35, 37 So. 497, as controlling this case, wherein Judge CALHOON, as the organ of the court, in part, said: "The ownership of the property as charged in the indictment and shown in the evidence is sufficient. The charge is that the place was 'a certain baker shop, the property of one William Grimes,' and the proof is that William Grimes had used and occupied it as a baker's shop for eighteen months. This is enough, though the fee simple of the house was in another person. Possession is enough as against burglars. Wharton, Cr. Law (10 Ed.), sec. 804. And this is true even if the possession be a wrongful possession. 1 McClain, Cr. Law, sec. 508."

We think the indictment sufficiently alleged the lessee, Malone, as being the owner, and that further description that the corncrib was on land owned by the county simply aided in making the location of the corncrib more certain. Certainly, it was surplusage. It is only necessary for the grand jury to ascertain the name of the person or corporation who owns the house or car at the time of the alleged burglary, and the pleader drawing the indictment need not exercise himself as to the title to the property. In this behalf the occupant is the owner. It would not be necessary to allege that a certain box car or house was on a certain described lot or tract of land. It must be alleged, however, that the house or car burglarized is in the county in which the crime is laid. See Brown v. State, 81 Miss. 143, 33 So. 170; 9 C. J. 1062, p. 115.

There is no merit in the other objections, and the evidence in the case was sufficient to sustain the conviction.

Affirmed.