NICHOLS v. STATE.

(Division B.   Nov. 7, 1932.)

[144 So. 374.   No. 30232.]

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

The indictment in this case against appellant for burglary charged that the storehouse which was burglarized was the property and was in the possession of L. P. Mc-

Carty and Roy McCarty. The testimony showed that the property and possession was that of L. P. McCarty & Son, a partnership composed of L. P. McCarty and Roy McCarty. Upon the close of the state's evidence, appellant moved to exclude on the ground that, upon the issue of ownership, there was a variance between the indictment and the proof. The motion was overruled, and the appellant thereupon requested a peremptory instruction, which was refused. Appellant was convicted and appeals, assigning as the sole ground of error the asserted variance above mentioned.

Appellant states in his brief that he has been unable to find an authority passing directly upon the exact question here presented, and, upon an independent search, we have not found a case squarely in point. We think, however, that the controlling principle is to be seen in Wright v. State, 130 Miss. 603, 609, 94 So. 716, 717.

It is settled, of course, that it is necessary to allege the ownership of the building burglarized and to prove it as laid, and that where, for instance, a corporation is alleged to be the owner, there must be proof of the existence of the corporation. James v. State, 77 Miss. 370, 372, 26 So. 929, 78 Am. St. Rep. 527. The rule in respect to ownership by a corporation is as stated, because a corporation is a legal entity, and the legal ownership of its property is not in the stockholders. But in our state a partnership is not regarded as strictly a legal entity distinct from the individuals composing it, and having an independent existence, nor as a person, either natural or artificial. 47 C. J. p. 747; Wright v. State, supra. In the Wright Case, the indictment charged that the storehouse burglarized was the property of Hamilton & Rodman, a partnership, without naming the partners. This court there said: "The law does not recognize a partnership as a legal entity, and where the ownership is laid in a partnership the partners should be averred, and the proof should correspond with the alle-

gation.'' It is the logical consequence of the holding in that case that the ownership is in the individual partners and not in the partnership; from which it further follows that, when the ownership is laid in the individuals who in fact compose the partnership and the proof is made in accordance therewith, the essentials of the case have been met both as to allegation and proof, so far as the question of ownership is concerned.

Affirmed.