COOKSEY *v.* STATE.

(Division B. Mar. 9, 1936.)

[166 So. 388. No. 31920.]

84

**W. D. Conn, Jr.,** Assistant Attorney-General for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Warren county of burglary, sentenced to serve a term of four years in the State Penitentiary, and from this conviction he appeals here.'

The indictment which alleged that the burglary oc-

curred on July 2, 1935, and the proof shows that it occurred on April 24th or the morning of April 25th, also alleged that appellant burglarized the store building of one M. F. Farris, taking away various items of merchandise thus charging ownership of the building in M. F. Farris.

It appeared from proof on the part of the state that said M. F. Farris died on April 15, 1935, nine or ten days prior to the alleged burglary, and there was no other proof of ownership or possession of the building burglarized as laid in the indictment.

The appellant was not represented by counsel at the trial, but testified in his own behalf, and denied any connection with said burglary. On cross-examination, over his objection, he was asked as to former convictions of crime, and, among other things, answered as follows:

"Q. Have you ever been convicted of any crime before? A. Breaking in a store.

"Q. At any time have you ever served on Ballground? A. Yes sir.

"Q. What for? A. Different things.

"Q. Let's have a few of them. How many times have you been there? A. What has that to do with this case?

"Q. The judge will tell you about that.

"By the court: You have to answer the question. A. Yes sir.

"Q. What were you sent there for? A. Robbery.

"Q. How many times have you been sent there for robbery? A. One. . . .

"Q. And you were convicted once of robbery and another time for stealing automobile tires? A. Yes sir, and a lot of things.

"By the court: Do you want to say anything else? A. I want to know if they are trying me for something I have been convicted for?

"By the court: That is a competent question, to ask a witness whether or not he has been convicted. That

is a competent question. That goes to the question of veracity and truth.

"By the defendant: You mean they find me guilty on my record?

"By the court: No, but it is in the province of the jury to consider that in bringing in a verdict. That is the reason it is competent. A. All I can say is that I was framed in this case. I am not guilty of it, and that is all."

An indictment charging burglary must allege ownership of the building burglarized, and such ownership must be proved as alleged. Wright v. State, 130 Miss. 603, 94 So. 716; Nichols v. State, 164 Miss. 158, 144 So. 374; and Davis v. State, 150 Miss. 797, 117 So. 116, in which it was held that while an indictment might be amended, it could only be done by spreading the amendment upon the minutes of the court. In that case the defendant was accused of killing "Ernest Jones" by the indictment, and the proof showed that "Man J." was killed instead of Ernest Jones, and, among other things, the court there said that: "In order to preserve the identity of the offense, it is necessary and proper to amend the indictment so as to charge that 'Man' Jones was killed instead of 'Ernest' Jones; and the amendment to the indictment was permissible under the statute quoted, supra, as the offense is identical. However, section 1330, Hemingway's 1927 Code (section 1509, Code of 1906) is in the following language: 'The order of the court for such amendment shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment; and wherever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment.' . . . The indictment and judgment show a conviction for the murder of Ernest Jones, when,

as a matter of fact, the proof shows that Ernest Jones was not the man killed. The secret indictment record and judgment of the court would not show this unauthorized alteration of the indictment by the district attorney, and the object of section 1330 is to make a record showing of the amendments which are permitted under the statute to cure variances. True it is that the evidence shows that 'Man' Jones was killed, but the indictment and judgment would not disclose that Manuel Davis, the defendant, was convicted of murder of 'Man' Jones, but it would disclose that the indictment and judgment were for the murder of 'Ernest' Jones. If the order had been entered on the minutes, then the record would have disclosed the identity of person and of offense. Therefore, under the decisions of Clark v. State, 100 Miss. 751, 57 So. 209, 38 L. R. A. (N. S.) 187, Ann. Cas. 1914A, 463, and Shurley v. State, supra [90 Miss. 415, 43 So. 299], this case must be reversed, and the cause remanded for another trial."

The description of the property burglarized being an essential element, it must be alleged in the indictment. Of course, the indictment could be amended so as to show ownership of the building, but a conviction cannot be sustained unless the indictment is in conformity with the law, the purpose of which is to enable the defendant to make his defense of former acquittal or conviction on the record in a subsequent trial for the same offense. This was one of the essential requirements under the Constitution (section 26), to furnish the defendant with the nature and cause of the accusation against him.

A person who is dead is not the owner of property. The ownership of property must be alleged as of the time of the burglary. When a person dies his property passes from him with his last breath, and vests immediately in his heirs, or those, who willl take under his will in case one is made. State v. Hammons, 226 Mo. 604, 126 S. W. 422, and Pleasant v. State, 17 Ala. 190. While possession may support proof of ownership, the possession

must be alleged and proven as it existed at the time of the burglary.

We also think the examination of the appellant as to the conviction of other offenses should have been limited to the fact that he was convicted of same without going into details. See Powers v. State, 156 Miss. 316, 126 So. 12; Dodds v. State (Miss.), 45 So. 863, and Slaydon v. State, 102 Miss. 101, 58 So. 977.

For the errors indicated, the judgment of the court below will be reversed, and the cause remanded for a new trial.

Reversed and remanded.