CROSBY *v*. STATE.

(In Banc.   June 9, 1941.)

[2 So. (2d) 813.   No. 34674.]

**E. L. Dent,** of Collins, for appellant.

**Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant was convicted on a charge of having burglarized "a certain building, commonly called a store building, in which there was then and there kept for use and safety money, tobacco and other articles of merchandise and other valuable things of Mrs. Thelma Hicks . . ." The ownership of the money and the merchandise which was alleged to have been taken, stolen and carried away from the store building is sufficiently alleged to have been that of Mrs. Thelma Hicks, but nowhere in the indictment is there to be found any allegation as to who owned the building which is said to have been burglarized. It is essential that an indictment charging burglary allege the ownership of the building. James v. State, 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527; Brown v. State, 81 Miss. 143, 33 So. 170; Lewis v. State, 85 Miss. 35, 37 So. 497; State v. Ellis, 102 Miss. 541, 59 So. 841; House v. State, 121 Miss. 43, 83 So. 337; Wright v. State, 130 Miss. 603, 94 So. 716; Wood v. State, 155 Miss. 298, 124 So. 353; Clinton v. State, 163 Miss. 435, 142 So. 17; Nichols v. State, 164 Miss. 158, 144 So. 374; Cooksey v. State, 175 Miss. 82, 166 So. 388, and Woods v. State, 186 Miss. 463, 191 So. 283.

The appellant failed to demur to this indictment, but he requested the court to peremptorily instruct the jury to find him not guilty at the conclusion of all of the evidence. There was also a motion for a new trial, but

the insufficiency of the indictment to charge the crime of burglary is raised for the first time in this Court on appeal.

Section 1206, Code of 1930, reads as follows: "Indictment—demurrers to—when filed in capital cases.—All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

The question is therefore presented as to whether the failure to charge the ownership of the building burglarized is a mere defect in the indictment or is an essential element of the crime attempted to be charged. If the insufficiency of the indictment was due to a defect which could have been remedied in the court below by an amendment, then the point is waived by the accused if he fails to interpose a demurrer, but the statute above set forth only authorizes the Court to permit the indictment to be amended as to any formal defect. Section 1289, Code of 1930, provides, among other things, that "whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment . . . or in the ownership of any property named or described therein . . . it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof . ." This section is not applicable

here, however, since there is no variance between a statement in the indictment as to the ownership of the building burglarized and the evidence on the trial in regard thereto. Here, there is no statement at all in the indictment as to the ownership of the property. Hence, the decision in the cases of Osser v. State, 165 Miss. 680, 145 So. 754; and Cooksey v. State, 175 Miss. 82, 166 So. 388, 389; and other like cases cannot be invoked in support of the state's contention that an amendment of the indictment would have been authorized under our statutes. Sections 1206 and 1289, supra. Here an essential element of the crime was entirely omitted.

In the case of Cooksey v. State, supra, the indictment charged the ownership of the building burglarized but it developed upon the trial that at the time of the commission of the offense, the alleged owner had died, and it was held that, in order to preserve the identity of the offense, it was necessary and proper to amend the indictment so as to charge the ownership as of the time of its commission. It does not appear from the opinion of the Court in that case as to whether or not the point was raised in the court below as to the variance between the averment in the indictment as to the ownership of the property burglarized and the evidence introduced at the trial, unless the negative be assumed from the fact that the appellant was not represented by counsel at the trial. When the Court held that the description of the property burglarized was an essential element to be alleged in the indictment, it used the term in reference to the necessity of alleging ownership. The Court further said. "Of course, the indictment could be amended so as to show ownership of the building, but a conviction cannot be sustained unless the indictment is in conformity with the law, the purpose of which is to enable the defendant to make his defense of former acquittal or conviction on the record in a subsequent trial for the same offense. This was one of the essential requirements under the Constitution (section 26), to furnish the defendant with the nature and cause of the accusation against him."

In the case of Cook v. State, 72 Miss. 517, 17 So. 228, an indictment charged that the defendant "on the 9th day of March, 1894, in the county aforesaid, then and there, feloniously, willfully and with malice aforethought, kill and murder one John Brien" etc. Thus, it will be seen that the word "did" was omitted from the indictment. It was contended by counsel for the state, that this was a formal defect or clerical error, and that the appellant should have demurred to the indictment, as required by Section 1354, Annotated Code of 1892, which is the same as Section 1206, Code of 1930, and that failing to do so, the defect had been waived. The Court held otherwise and said: "The statute was not intended, and could not have been intended, to rob any citizen accused of any felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional."

The Cook case, supra, is cited in Herron v. State, 118 Miss. 420, 79 So. 289, where it is said: "Since the omitted allegation goes to the very essence of the offense attempted to be charged the omission thereof was not waived by appellant's failure to demur thereto."

The proof disclosed in the case at bar that the store building alleged to have been burglarized is located in the Town of Seminary in Covington County, but the indictment, not alleging the ownership thereof as aforesaid, merely state that the building was "a certain store building" in Covington County, and the indictment not being in conformity with the law, the purpose of which is to enable the defendant to make his defense of former acquittal or conviction on the record in a subsequent trial for the same offense as was held to be necessary in the Cooksey case, supra, it is fatally defective and the cause must be reversed and remanded.

Reversed and remanded.