DAVID SYKES v. STATE OF MISSISSIPPI.

[45 South., 838.]

1. CRIMINAL LAW AND PROCEDURE. *Homicide. Sufficiency of testimony. Discredited witness.*

Where the wife of a murdered man, after testifying twice on defendant's preliminary trial and on his first circuit court trial, that she was wholly ignorant touching the murder and knew nothing about who killed her husband, and after being herself indicted for the crime and pleading guilty to being an accessory after the fact to the murder, testified on a second circuit court trial of defendant that she saw him kill her husband with an axe, her unsupported testimony is too unworthy of belief to support a conviction.

2. SAME. *Capital offense. Verdict. Obscurity.*

In a murder case, a verdict, "We, the jury, find defendant guilty as charged, but cannot agree as to punishment, but do agree to ask the mercy of the court" is indefinite, and the jury should have been required to clear it up.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Sykes, appellant, a negro, was indicted and tried for the murder of another negro, George McIntosh, was convicted, sentenced to the penitentiary for life, and appealed to the supreme court.

The case was before the supreme court on a former appeal, and was remanded to the court below for a new trial. *Sykes* v. *State,* 89 Miss., 766, 42 South., 875. On the second trial appellant was again convicted, mainly on the testimony of Mattie McIntosh, wife of the deceased, whose testimony was in direct conflict with former testimony delivered by her on appellant's preliminary trial. At the time of appellant's second trial, she had been convicted and sentenced to a term of five years in the penitentiary as an accessory after the fact to the murder of her husband, the deceased. The verdict of the jury, upon which appellant was sentenced to a life term in the penitentiary, was as follows: "We, the jury, find defendant guilty as charged, but cannot agree as to punishment, but, do agree to ask the mercy of the court."

*D. W. Houston,* for appellant.

Unless the court takes into consideration the testimony of the woman, Mattie McIntosh, the judgment of the court below must be reversed, for it is almost solely upon her testimony that the jury returned the verdict of guilty. Her testimony should, however, be considered as unworthy of belief in a case as serious as this. She had been arrested, soon after the homicide of her husband, but subsequently released; she had testified on a former trial that she did not know anything about the killing, and yet she now testifies that appellant killed the deceased with an axe as he lay asleep, and that the blow of the axe awakened her, and that she then helped appellant bury the dead body. She herself was indicted for the murder of her husband and pleaded not guilty. Subsequently she withdrew her plea and entered a plea of guilty to "being accessory after the fact." In other words, she turned state's evidence to pro-

tect herself, and was given a light penitentiary sentence. And then she testified against appellant, and on the testimony of this woman the jury returned their verdict. Such testimony should .not support a verdict of guilty. *Dill* v. *State* (Miss.), 38 .South., 37.

It was error in the trial court not to require the jury to clear up their peculiar verdict. *Smith* v. *State,* 75 Miss., 543, explaining *Penn* v. *State,* 62 Miss., 450. See also *Owen* v. *State,* 82 Miss., 19, 33 South., 718; *Avant* v. *State,* 88 Miss., 226, 40 .South., 483.

*R. V. Fletcher,* attorney-general, for appellee.

This case was tried on practically the same testimony as was .adduced on the former trial, and twice have impartial juries pronounced appellant guilty. It is inconceivable that two separate juries should find similarly without good grounds existing under the law and evidence to support the verdict.

The proof of appellant's guilt is direct and clear; the wife of the deceased testifying to the whole story of the revolting crime. True she is an accomplice, but whatever may be the rule in other jurisdictions, conviction of murder may be had in this state upon the uncorroborated testimony of an accomplice.

The only serious question of law presented by the record grows out of the form in which the jury returned their verdict. It is argued by learned counsel for appellant that this point is covered by *Smith* v. *State,* 75 Miss., 542, 23 South.; 260; *Owens* v. *State,* 82 Miss., 18, and *Avant* v. *State,* 88 Miss., 226, 40 South., 483. In these cases it was held that the death penalty should not be imposed when the jury's verdict recommended mercy. But the case at bar is different. The alleged cloud upon the verdict results favorably to appellant, in that under it the cout was required to impose the milder of the two penalties which the law inflicts as the punishment for murder.

Argued orally by *D. W. Houston,* for appellant and by *R. V. Fletcher,* attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

This is the second appearance of this case in this court. We think it was error in the circuit court not to have required the jury to clear up their manifestly cloudy verdict; but we would not be willing to reverse for this error alone. The ground on which we prefer to rest our ruling is that the testimony of the woman, on whose testimony conviction was manifestly had, is utterly unworthy of belief. No conviction should be allowed to stand on testimony of this character.

*Reversed and remanded.*

MAYES, J., dissented.