WHITE v. STATE.*

(Division B.     April 11, 1927.)

[112 So. 27.     No. 26419.]

1. CRIMINAL LAW. *Conviction should not be had on unsupported testimony of accomplice, if so weak as not to be believable, and to amount to no substantial evidence.*

While conviction may be had on the unsupported testimony of an alleged accomplice, yet such testimony should be viewed with great caution and suspicion, and, if so weak as not to be believable by the reasonable mind, it should be rejected as amounting to no substantial evidence of guilt.

2. CRIMINAL LAW. *Unsupported testimony of accomplice held not substantial evidence, warranting conviction for larceny.*

Unsupported testimony of accomplice in prosecution for larceny, viewed in the light of all the facts and circumstances, he being a

common thief and lair, and his story having many earmarks of falsehood, *held* to amount to no substantial evidence, and not to warrant conviction.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 696, n. 60; p. 698, n. 80 New. Unsupported testimony of accomplice to be accepted with caution, see 1 R. C. L. 166; 1 R. C. L. Supp. 53; 4 R. C. L. Supp. 9; 6 R. C. L. Supp. 6.

APPEAL from circuit court of De Soto county.
HON. HERBERT HOLMES, Special Judge.
W. M. White was convicted of larceny, and he appeals. Reversed and judgment rendered.

*Dinkins & Wilroy* and *R. E. L. Morgan,* for appellant.

The conviction in this case rests solely upon the uncorroborated testimony of Charles Bobbitt, an accomplice, who was contradicted and impeached in every manner known to the law. He was a self-confessed thief not only in this but in two other instances which he admitted. His reputation with the persons from whom the cotton was stolen, with the justice of the peace who tried and convicted him for theft on three occasions, and with ten other white citizens of the community who knew him, was that none of them would believe him on oath. The good character of appellant was established by the same witnesses by whom the character of Bobbitt was overthrown.

Although the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction, where such testimony has been impeached by unimpeached witnesses or had been contradicted by evidence or circumstances worthy of credit, there is no record of a single conviction being upheld by this court. See *Hunter* v. *State,* 102 So. 282, a complete review of all former holdings, beginning with *Keithler's case,* 10 S. & M. 192, on down to the *Wright case,* 130 Miss. 603. See, also, *Abele* v. *State,* 103 So. 370.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Counsel insist that the evidence in this case is totally insufficient to sustain the jury verdict of guilty. They argue that in this case the conviction stands solely on the uncorroborated testimony of an accomplice and that the testimony given by him has been so contradicted by other evidence worthy of belief and he has been so impeached by his own statements as to make his testimony totally unworthy of credit.

In each of the two cases cited, however, the defendant took the witness stand and testified to facts which established for them an *alibi* and the *alibi* of each of them is also proved by the testimony of other witnesses who were wholly unimpeached. A mere casual reading of the opinion of the court in these cases shows how very different were the facts in them from the facts in the case at bar. In this case the defendant makes no defense, but relies wholly on the testimony offered with reference to his good reputation and that with reference to the bad reputation of the state's witnesses.

The facts here do not present such a case as to bring it within the rule laid down in the Hunter and Abele cases. As was said by Chief Justice SMITH in the dissenting opinion in the Hunter case: "If he was a competent witness, and the court holds that he was, his credibility was for the determination of the jury, 'the sole and exclusive judges of the weight of the evidence,' *Miller* v. *State,* 35 So. 690, and whose province it is 'to determine the result of conflicting testimony,' *Alexander* v. *State,* 21 So. 923."

So we submit in this case the jury has seen the witnesses upon the stand, has observed their demeanor and conduct there, and taking all these facts and circumstances into consideration, has seen fit to believe the story of the witnesses as given on the witness stand.

The judgment of the lower court should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of De Soto county of the crime of petit larceny, and fined one hundred dollars, and sentenced to thirty days' imprisonment. From that judgment appellant prosecutes this appeal.

Appellant's conviction of the crime of larceny rested alone on the testimony of an alleged accomplice, state's witness, Charles Bobbitt. The testimony of this witness stood uncorroborated either by direct or circumstantial evidence. He is a self-confessed thief. When he testified as a witness for the state, he had been convicted in the courts of De Soto county of several thefts. The uncontradicted evidence of several credible witnesses showed that his reputation for truth and veracity in the neighborhood in which he lived was bad, and that, judging from such reputation, they would not believe him on oath. While, on the other hand, the evidence of numerous credible witnesses showed that appellant had the reputation and character in the neighborhood in which he lived of being a law-abiding citizen. In addition, before appellant was charged with the crime of which he was convicted, the witness, Charles Bobbitt, voluntarily made an affidavit that appellant had no connection whatever with the crime, but that the cotton, the subject of the larceny, had been stolen by himself and others than appellant.

It is true that, under the law, one may be convicted of crime on the unsupported testimony of an alleged accomplice. Such testimony, however, should be viewed with great caution and suspicion. If the testimony of the alleged accomplice is so weak as not to be believable by the reasonable mind, it should be rejected as amounting to no substantial evidence of guilt. Viewed in the light of all the facts and surrounding circumstances as revealed by the witnesses, we think the testimony of the witness, Bobbitt, falls within that category. As stated,

before he went on the witness stand he voluntarily made oath that appellant had no part in the crime of the larceny of the cotton. Then he went upon the witness stand and testified that appellant did have a part in the crime, that he suggested it and furnished the means of conveying the cotton from the place where it was stolen to the home of the witness, Bobbitt. Furthermore, the witness, Bobbitt, upon cross-examination admitted that appellant did not profit to any extent whatever by the larceny of the cotton; that, on the contrary, appellant paid the witness, Bobbitt, the market value of the cotton, seven and one-half cents per pound in the seed. Putting the case differently somewhat, we have a conviction here based alone on the testimony of an alleged accomplice who is a common thief and a common liar, and, in addition, whose story itself has many of the earmarks of falsehood. We do not think it amounted to any substantial evidence at all. Under the authority of *Hunter* v. *State,* 137 Miss. 276, 102 So. 282, and *Abele* v. *State,* 138 Miss. 772, 103 So. 370, we think the appellant was entitled to a directed verdict of not guilty.

*Reversed and judgment here for appellant.*