CREED v. STATE.

(Division A. Nov. 8, 1937.)

[176 So. 596. No. 32775.]

Spinks & McCully, of DeKalb, for appellant.

702

**W. D. Conn, Jr.,** Assistant Attorney General, for the
State.

Argued orally by **L. P. Spinks**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGehee, J.**, delivered the opinion of the court.

The appellant, Jack Creed, and his codefendants Bill and B. M. (Beriah) Boyd were jointly indicted and tried in the circuit court of Kemper county for the grand larceny of four hogs, shown to be of the value of $50, and alleged to be the property of C. C. Conathan. The codefendants were acquitted by the jury, but appellant was convicted and sentenced to serve a term of eighteen months in the state penitentiary.

The conviction of the appellant was obtained upon the uncorroborated testimony of an alleged self-confessed accomplice. The only proof that four hogs belonging to Conathan were in fact stolen was that they quit coming up to be fed late in the afternoons about the latter part of November, 1935, taken in connection with the testimony of the alleged accomplice to the effect that he and appellant drove four hogs of like description out of Sucarnochee swamp a distance of nearly two miles one Sunday morning, which he finally fixed as the last Sunday in December of that year. This witness did, however, testify that he "may have told" the grand jury that the appellant told him at the time the hogs were

killed that they belonged to C. C. Conathan, and finally under a cross-examination by the district attorney, which was permitted by the court to be conducted for the purpose of laying a predicate for contradiction of this state witness, that appellant did in fact tell him that the hogs belonged to Conathan, notwithstanding he had already testified that appellant told him that he did not know who they belonged to, and that he "disremembered" whether appellant had ever said that they belonged to Conathan.

The witness further testified that appellant killed all four hogs at a time when they were standing in the woods, free from any restraint, by shooting each one of them with No. 6 squirrel shot, using a single barrel shotgun at a distance of about fourteen steps away, the load striking each hog in the center of the head just below the eyes, without causing any commotion among them while they remained in a huddle awaiting their respective turns to receive the fatal shot.

The rule is well settled that, while a conviction may be sustained on the uncorroborated testimony of an accomplice, it is equally well settled that such a conviction should not be upheld where such testimony is improbable, self-contradictory, and unreasonable on its face, and especially where it is impeached by unimpeached witnesses. Day v. State (Miss.), 7 So. 326; Wright v. State, 130 Miss. 603, 94 So. 716; Hunter v. State, 137 Miss. 276, 102 So. 282; Abele v. State, 138 Miss. 772, 103 So. 370; White v. State, 146 Miss. 815, 112 So. 27; Matthews v. State, 148 Miss. 696, 114 So. 816; Boutwell v. State, 165 Miss. 16, 143 So. 479; Harmon v. State, 167 Miss. 527, 142 So. 473; Rutledge v. State, 171 Miss. 311, 157 So. 907; Carter v. State (Miss.), 166 So. 377.

In the present case the testimony of the witness on the trial was not only in conflict with his statements admittedly made prior thereto, but is self-contradictory and

unbelievable, as given at the trial, and he is thoroughly impeached and discredited by unimpeached witnesses, among whom was his uncle, who testified as to his bad reputation for truth and veracity, and that he could not believe him on oath.

It was said in the case of Conway v. State, 177 Miss. 461, 171 So. 16, 17, that: "It is rare that a trial, or an appellate, court is justified in setting up its judgment against that of the jury on an issue of fact, nevertheless it should do so in a proper case, and we think this is one of that character."

We think that the language used in the Conway Case, supra, is applicable to the situation in the case at bar. We decline to uphold the conviction based on the uncorroborated testimony of this self-confessed accomplice under the circumstances. The peremptory instruction requested by the appellant should have been given.

Reversed, and judgment here for the appellant.