PERDUE v. STATE.

(In Banc. March 11, 1946.)

[25 So. (2d) 185. No. 36059.]

**H. F. Jones**, of Belzoni, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **H. F. Jones**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**McGehee, J.**, delivered the opinion of the Court.

This appeal is from a conviction on the charge of having feloniously stolen a pneumatic rubber automobile tire from a car parked on the street. One J. C. Delph,

who was apprehended by the owner while replacing the stolen new tire in the nighttime with an old worn out one, claimed that he was changing the tire at the instance of the accused, and that it was the accused who was seen to back his own car out from the curb nearby and drive away when the owner of the stolen tire appeared on the scene. However, one Walter Diggs testified that it was he who backed the other car out and drove away at the time in question.

The witness Delph at first stated to the owner and to the officer that the accused paid him 60c and asked him to take the tire which had been removed from the car and have it patched, and that while he was undertaking to replace it with the old tire, the accused put the new one in his car before driving away, and while the owner was approaching the scene. However, the witness was well acquainted with the accused and failed to then accuse him by name to the owner and to the officer. He also admitted on the witness stand that he lied to them about having been paid 60c for his services. His explanation for this, and for not having named the accused as the guilty person, was that he wanted to go and find him, beat him up and make him bring the tire back. Nevertheless, he claims to have found the stolen new tire in the edge of a stream of water on the next day, nearer to his own home than to that of the accused, and he then failed to retrieve the tire and return it to the owner. He undertook to show the officers where he had found the tire the next day, but the same has not yet been found.

The witness further contended that he first decided to accuse the appellant of the crime when the officer "turned the key on me at the jail." Thereupon, the officer visited the home of the appellant but failed to find the stolen tire in his possession, and the proof is silent as to whether the appellant's spare tire was missing from the trunk of his own car.

At the conclusion of all of the evidence, the appellant requested that the court instruct the jury to return a

verdict of not guilty in his favor. This instruction should have been granted. While a conviction may be sustained on the uncorroborated testimony of a witness who is incriminated by the facts in a case, such a conviction should not be upheld where the testimony is improbable, self-contradictory, and unreasonable on its face, especially when impeached by unimpeached witnesses. Creed v. State, 179 Miss. 700, 176 So. 596. See also Truckers Exchange Bank v. Conroy, 190 Miss. 242, 250, 199 So. 301, which was followed in the case of Jakup v. Lewis Grocer Company 190 Miss. 444 452, 200 So. 597, and Lyle v. State, 193 Miss. 102, 8 So. (2d) 459; as to verdicts based upon unreasonable and unbelievable testimony.

By prolonging this opinion, an analysis of the testimony could be made which would clearly demonstrate that no conviction should be permitted to stand under the circumstances disclosed by this record. It is sufficient to say that we are thoroughly satisfied that the peremptory instruction should have been granted.

Reversed and judgment here for the appellant.