267 So.2d 305 (1972)
Louis S. FERANDA
v.
STATE of Mississippi.
No. 46893.
Supreme Court of Mississippi.
October 9, 1972.
*306 Peter Halat, Robert M. Acevedo, Sekul, Hornsby, Wallace & Blessey, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by J.B. Garretty, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Louis S. Feranda, was indicted before the Circuit Court of Harrison County, Mississippi, on a charge of burglary and larceny as an accessory before the fact along with Michael P. (Mickey) Poulos and Robert Knuth. Mr. Feranda, a detective on the Biloxi Police Force at this time, was tried and convicted separately in Harrison County and sentenced to one (1) year in the state penitentiary. However, the sentence was suspended, and the appellant was placed under the supervision of the State Probation and Parole Board.
On appeal from this judgment, the appellant has assigned fourteen (14) points of error. Of the issues presented by these assignments of error, only two questions are raised which require discussion.
First, the appellant contends that the indictment was multiplicious and defective in that the crimes of burglary, grand larceny, conspiracy to commit a crime, and acting as an accessory before the fact in the above mentioned burglary and larceny were improperly combined in the one count indictment.
In Bradshaw v. State, 192 So.2d 387 (Miss. 1966) cert. den. 389 U.S. 941, 88 S.Ct. 299, 19 L.Ed.2d 293, this Court recognized that burglary and larceny may be charged in the same count in an indictment. In justifying this exception to the general rule that two crimes cannot ordinarily be charged in the same count, this Court stated:
"The larceny, therefore, is charged, not as a substantive offense, but as demonstrating the burglarious intent. The jury may, indeed, acquit of the burglary and convict of the larceny, but a general verdict of guilty will be regarded, not as a conviction of two offenses, but of the burglary alone; and the larceny charged will be deemed indicative of, and intended to demonstrate, the animo furandi which goes to make up the higher crime." 192 So.2d at 388.
It should be noted that the crimes charged in the indictment in this case all arose out of the same transaction; that is, the alleged theft of certain kitchen cabinets. Furthermore, proof of a crime is necessary to bring the accessory before the fact statute into operation, and the crimes of conspiracy and accessory before the fact involve so many of the same elements of proof that one tends to demonstrate the other. We are, therefore, of the opinion that the indictment properly charged the crime of burglary because the lesser crimes of conspiracy and larceny served to demonstrate the greater crime of accessory before the fact of burglary.
The second and most important issue presented for the determination of this Court concerns the sufficiency of the evidence to sustain a finding of guilty. The nucleus of this problem concerns the testimony of Robert Knuth, a co-indictee as one of the principals to the alleged crime.
Prior to testifying on behalf of the state, Knuth pled guilty to five (5) counts of burglary during a recess in the Feranda trial. Knuth's testimony is the only testimony which directly connects Feranda with the crimes charged in this case. Yet, Knuth's testimony is full of inconsistencies, overly vague, and almost completely uncorroborated. In fact, the circuit judge conceded that the state had presented a weak case in view of the fact that the prosecution's main witness had been convicted five (5) times on felony charges and had pled guilty on five (5) other felony charges. The judge stated, "To me it (Knuth's *307 testimony) is hardly believable, but I will wait and see what the jury does." After the jury returned a verdict of guilty, the judge sentenced Feranda to one (1) year in the state penitentiary, sentence suspended.
On numerous occasions, this Court has espoused the common law rule that an accused may be convicted on the uncorroborated testimony of an accomplice. Young v. State, 212 Miss. 460, 54 So.2d 671 (1951); Larry v. State, 211 Miss. 563, 52 So.2d 292 (1951); Lifer et al. v. State, 189 Miss. 754, 199 So. 107 (1940); Boutwell v. State, 165 Miss. 16, 143 So. 479 (1932); Matthews v. State, 148 Miss. 696, 114 So. 816 (1927). See also: Vanderpoel v. State, 251 So.2d 922 (Miss. 1971). It should be noted that even slight corroboration will be sufficient to uphold a conviction. Lifer et al. v. State, 189 Miss. 754, 199 So. 107 (1940).
On the other hand, we have also said that such uncorroborated testimony should be viewed with great caution and suspicion. Indeed, to carry the necessary burden of proof for conviction, the testimony of the accomplice must not be unreasonable, improbable, self-contradictory, nor impeached by an unimpeached witness. Wilson v. State, 234 So.2d 303 (Miss. 1970); Hutchins v. State, 220 So.2d 276 (Miss. 1969); Pegram v. State, 228 Miss. 860, 89 So.2d 846 (1956); Lyle v. State, 193 Miss. 102, 8 So.2d 459 (1942); Creed v. State, 179 Miss. 700, 176 So. 596 (1937); Nichols v. State, 174 Miss. 271, 164 So. 20 (1935); Rutledge v. State, 171 Miss. 311, 157 So. 907 (1934); Harmon v. State, 167 Miss. 527, 142 So. 473 (1932); Boutwell v. State, 165 Miss. 16, 143 So. 479 (1932); Matthews v. State, 148 Miss. 696, 114 So. 816 (1927); White v. State, 146 Miss. 815, 112 So. 27 (1927); Abele v. State, 138 Miss. 772, 103 So. 370 (1925); Hunter v. State, 137 Miss. 276, 102 So. 282 (1924); and Wright v. State, 130 Miss. 603, 94 So. 716 (1923).
The most serious example of self-contradiction in the testimony of the alleged accomplice, Robert Knuth, is contained in the statements given to the police. Knuth's first statement given on March 5, 1971, concerning the alleged burglary failed to mention Louis Feranda or any scheme for the appellant to provide police protection. However, the witness' second statement, given on March 30, 1971, implicates the appellant by stating that Feranda would help Knuth if he were apprehended. Both of the above mentioned statements failed to involve the appellant in a scheme to burglarize houses in the Pine Hills Subdivision area where the alleged burglary took place. The appellant was not linked with the burglaries until sometime between Knuth's second statement of March 30, 1971, and the appellant's indictment on April 2, 1971.
The testimony of Feranda that he had never been to the Poulos home was contradicted by one Beverly Barlow, but since the witness testified that she saw the defendant at Poulos' home after the date of the alleged burglary, this testimony does not in fact corroborate the evidence of Knuth.
This Court will rarely set aside the verdict of the jury on an issue of fact. However, the evidence presented as to the appellant's guilt is of such a weak nature as to create a serious question as to whether or not the state sufficiently established the guilt of the appellant. We feel, therefore, that another jury should be allowed to pass upon the guilt or innocence of the appellant.
For the reasons stated hereinabove, this case is reversed and remanded for another trial.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.