291 So.2d 187 (1974)
Richard MOORE
v.
STATE of Mississippi.
No. 47837.
Supreme Court of Mississippi.
March 4, 1974.
*188 Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
Richard Moore, the appellant, was indicted, tried and convicted in the Circuit Court of Forrest County, Mississippi, for the crime of burglary, and was sentenced to serve a term of five (5) years in the state penitentiary. He was placed on probation for three (3) years. He has appealed to this Court, and now contends that he is entitled to a new trial for the following reasons.
Appellant contends that the verdict of the jury is against the weight of the evidence and is contrary to the applicable law. He says that the evidence with reference to the use of electronic equipment was erroneously admitted in the testimony before the jury and that one of the state witnesses testified falsely.
The record in this case shows that Gamble's Drug Store in Petal, Mississippi [a community adjacent to Hattiesburg, Mississippi] was burglarized on the night of December 4, 1972. Entrance was gained through a ceiling fan on the roof. The burglary was discovered the next morning. An inventory was taken, and it was discovered that certain watches were missing, among which was a watch described as a Timex, and another described as a 17-jewel Dalton calendar watch. The drug case had been broken open and several bottles of narcotics, including amphetamines, codeine and cocaine were missing.
On the tenth of December, a narcotics officer of Hattiesburg, Mississippi, arrested one Gerald Barrett for the sale of cocaine. Barrett informed the officer that the drugs had been taken from Gamble's Drug Store. He also informed the officer as to the identity of others involved in the burglary. The narcotics officer, in conjunction with other officers, carefully searched the prisoner, gave him marked money, and sent him to the persons alleged to have been involved in the burglary for the purpose of buying stolen narcotics and watches. The officers put an electric transmitter ["bug"] device on the person of the prisoner. When the prisoner went into a place of business known as the "Lighthouse", the officers listened to the *189 conversation between the prisoner, Gerald Barrett, and Richard Moore, the defendant. The officer related the conversation between the prisoner and Moore, the defendant, in which the purchase of a watch with the marked money was made.
The officers had previously obtained a search warrant for the Lighthouse describing the missing articles from the drugstore. They entered the Lighthouse and after a search, they found the marked money. The officers found a Timex watch in the cash register. They also found a new watch on the arm of the defendant after his arrest, later identified as a Dalton watch similar to the one taken during the burglary.
The main thrust of the appellant's argument, that the verdict is against the weight of the evidence, is based upon the credibility of the testimony of the coindictee Gerald Barrett. The appellant points out that the only two drug addicts interested in drugs involved in the burglary were state witness, Gerald Barrett, and Carroll Owens; that Owens has pleaded guilty and is now serving time in the penitentiary, and that although Gerald Barrett has pleaded guilty, he had not been sentenced at the time he testified. It is then argued that since their testimony is conflicting, the testimony of Barrett, an accomplice, is not worthy of belief.
Appellant cited several cases[1] in which this Court has pointed out that where conviction of a defendant depended upon the testimony of an accomplice, whose testimony was uncorroborated and impeached, or was contradictory and unreasonable, that this evidence was insufficient to convict. This is particularly true where it was shown that the witness was not worthy of belief and that the defendant was a person of good character whose defense was a strong alibi.
This Court made a careful study of the rule with reference to the testimony of an accomplice in the case of Feranda v. State, 267 So.2d 305 (Miss. 1972), and there again we pointed out that the uncorroborated testimony of an accomplice when reasonable was sufficient to sustain a verdict of the jury.
Although uncorroborated testimony of an accomplice is looked upon with suspicion in practically all courts, and some courts refuse to convict on uncorroborated testimony of an accomplice, nevertheless, at common law [20 Am.Jur.Evidence § 1235, at 1088 (1939)] and under the decisions of this State [Feranda, supra] it is well settled that such testimony, although entirely without corroboration, will support a verdict of conviction.
In the instant case, however, there is ample testimony to sustain the verdict of the jury. The defendant was discovered with a watch identified as a "Dalton", the make taken from the burglarized store. The defendant denied that he had the watch on his arm. Defendant introduced invoices of watches he said he purchased from a man in Louisiana, and, although the invoices are dated many months apart, they are numbered almost seriatim, so that the jury could have reasonably questioned their genuineness. Moreover, the officers heard the conversation as to the purchase of a watch from the defendant and later discovered the marked money in the cash register and "juke box".
The defendant offered testimony to contradict the accomplice, state witness Gerald Barrett, by the other admitted accomplice Carroll Owens, and by alibi defense and evidence of good character.
We are of the opinion that there was ample testimony to sustain the trial judge's order permitting the case to be submitted to the jury.
*190 The appellant next contends that the trial judge was in error in permitting the narcotics officer, Bobbie Earl Roberson, to testify about putting a transmitting "bug", or device on the person of the state witness Barrett and listening to a conversation between Barrett and the defendant. It is said that no evidence was offered to show that Barrett consented to the "bugging" or scheme to hear the conversation. It is further argued that no recording was made of the conversation and, in any case, it was not a confession.
We have had an opportunity to study this question heretofore, and we have held that this type of evidence is admissible. See Ladner v. State, 276 So.2d 686 (Miss. 1973); Everett v. State, 248 So.2d 439 (Miss. 1971). We think this testimony was admissible in the instant case.
The appellant also argues that Bobbie Earl Roberson testified falsely as to the arrest of the appellant, because it is said that constable Henry Bounds testified on motion for a new trial, that he and officer David Anthony arrested the appellant and that Bounds could not identify the watch taken from the person of appellant at the time of the arrest. The issue as to who arrested the appellant was submitted to the jury, and they obviously believed that the watch was properly identified.
On motion for a new trial, appellant introduced Henry Bounds, who testified that he arrested the appellant and took him to jail. He did not remember about a watch. The trial court overruled the motion for a new trial based upon the same contentions presented on appeal.
We have considered the record in the light of the briefs filed, and we are of the opinion that there is no error shown in the trial of this case. We affirm.
Affirmed.
PATTERSON, INZER, SMITH and BROOM, JJ., concur.
NOTES
[1] Feranda v. State, 267 So.2d 305 (Miss. 1972); Hutchins v. State, 220 So.2d 276 (Miss. 1969); Abele v. State, 138 Miss. 772, 103 So. 370 (1925); Sykes v. State, 92 Miss. 247, 45 So. 838 (1908).