313 So.2d 398 (1975)
Doyle Lee SANDERS
v.
STATE of Mississippi.
No. 48558.
Supreme Court of Mississippi.
May 26, 1975.
Doyle Lee Sanders, pro se.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and SUGG, JJ.
*399 ROBERTSON, Justice, for the Court:
Doyle Lee Sanders was indicted, tried and convicted in the Circuit Court of Calhoun County of the crime of armed robbery. He was sentenced to serve a term of 25 years in the Mississippi State Penitentiary.
Two court-appointed attorneys, Honorable Charles W. Cook and Honorable Lawrence R. Chandler, represented Sanders at his trial. They represented Sanders well and effectively, but after his conviction and sentence he became dissatisfied with the services of these attorneys and wrote the circuit judge asking that the court remove his court-appointed attorneys.
The court honored his request, and Sanders represented himself on his appeal.
A joint indictment was returned by the grand jury charging Melvin Hunt, Owen Chaney, Doyle Sanders, and Carroll Fleming with armed robbery of Willie Van Horn on May 20, 1970, of the sum of $1700 in cash. A severance was granted and Sanders was tried separately.
Melvin Hunt, a co-indictee, was the principal witness against Appellant. He testified that in the spring of 1970, he Sanders, Chaney, and Fleming gathered at Ann's Cafe on 28th Street in Fort Worth, Texas, to plan the robbery of Willie Van Horn of Vardaman, Mississippi. The plan was for Carroll Fleming to come to Mississippi ahead of the group, and to make preparations for the robbery. Fleming called Hunt *400 in Texas and informed him that everything was set up, and Hunt, Sanders, Sanders' wife, and Chaney left for Mississippi. The car they were traveling in broke down in Tyler, Texas, so they called Fleming in Mississippi and informed him of their problem, and they then returned to Fort Worth, Texas.
Two or three weeks later Fleming returned from Mississippi and met again with Hunt, Sanders and Chaney. The morning after this meeting they again left for Mississippi, this time traveling in two cars. They arrived in Grenada on May 20, 1970, and checked into the Parkview Motel.
They then left for Vardaman, Mississippi, in Fleming's 1958 white Cadillac 4-door sedan. Arriving at the home of Willie Van Horn about 9:30 p.m., Hunt and Chaney went to the front door, while Fleming and Sanders waited in the car with the lights on and the motor running. Fleming was driving and Sanders was riding "shotgun" on the passenger's side of the front seat. When Mrs. Van Horn came to the door, Hunt and Chaney posed as FBI agents, and asked to see Mr. Van Horn. Hunt pulled a snub-nosed pistol on Mrs. Van Horn and tied her up in a bedroom. Hunt pointed the same pistol at Mr. Van Horn and he was tied up in the living room.
Hunt took five billfolds from Van Horn's pants. The billfolds contained a total of $1700 cash. Hunt and Chaney then took Mrs. Van Horn's green Pontiac and left. They drove to the New Liberty community center, where they met Fleming and Sanders. They left the Van Horn Pontiac there, and all returned to the Parkview Motel in Grenada in Fleming's white Cadillac. On the way to Grenada, they divided up the $1700 cash. At the motel, Fleming and Sanders got out and Chaney and Hunt drove on to Texas.
In his brief the appellant lists 13 assignments of error, but makes no argument nor cites any authority on any of these assignments of error.
Appellant's assignments of error can be combined into seven separate groups. Appellant's assignments 1, 2, 3, 4, 8 and 9 are essentially that the verdict was against the overwhelming weight of the evidence. Appellant complains of the fact that his conviction was based largely upon the uncorroborated testimony of a co-indictee, Melvin Hunt; that the victims of the armed robbery testified that he was not one of the two who entered their home and robbed them; and that the co-indictee, who testified against him, had made a deal with the prosecution.
The appellant's conviction was not against the overwhelming weight of the evidence. While it is true that he was convicted largely on the uncorroborated testimony of Hunt, a co-indictee, the uncorroborated testimony of a co-indictee alone when reasonable is sufficient to sustain a guilty verdict. Moore v. State, 291 So.2d 187 (Miss. 1974). See also, Feranda v. State, 267 So.2d 305 (Miss. 1972), and Wilson v. State, 234 So.2d 303 (Miss. 1970). The testimony of Hunt, the co-indictee, was not only reasonable, it was completely and totally unrefuted.
Other witnesses testified that they had seen the cars involved in the crime at the times and places where Hunt had testified they were. Mrs. Van Horn testified that, during the robbery, she saw a white car outside with the motor running. There was no evidence in the record of a deal between Hunt and the prosecution.
Appellant's assignment of error number 5 was that he was denied jury instructions numbered 4, 10, 12, 13, and 14. This assignment is without merit. Instruction number 4 was a circumstantial evidence instruction and was not proper in this case. Instruction number 10 was a request for a peremptory instruction and was properly refused by the trial court. Instruction number 12 incorporated the "false in one, false in everything" theory which was condemned by this Court in Butler v. State, 245 So.2d 605 (Miss. 1971). Instruction *401 NUMBER 13 CONTAINED REFERENCES TO A DEAL BETWEEN THE CO-INDICTEE Hunt and the prosecution. There was no evidence in the record to support this statement, and the instruction was properly refused. Instruction number 14 could have been granted by the trial court; however, it is in essence identical with defense instructions 15 and 16 which were granted, and its refusal in no way constituted reversible error.
In assignment of error number 6, appellant contends that "the State was granted, over the timely objection of the appellant, jury instructions which were highly prejudicial to the Appellant, and the contents thereof were unsupported by any evidence." While the appellant does not designate any specific state instructions in his assignment of error, at the trial defense counsel did object to state instructions 2, 4, 7 and 9.
Instruction 2 was objected to on the basis that it was not supported by evidence in the record. There is evidence in the record supporting this instruction and it is a correct statement of the law; it was properly granted. Defense counsel objected to instruction number 4 on the basis that it was not a correct statement of the law. Instruction number 4 was proper and was based on Mississippi Code Annotated Section 97-1-3 (1972). Defense counsel objected to state's instruction number 7 on the ground that it was not supported by the record. There was testimony in the record supporting this instruction; it was properly granted. Defense counsel objected to the form of state's instruction number 9. This instruction was a correct statement of the law and was based on Mississippi Code Annotated Section 97-3-79 (1972).
Assignment of error number 7 is without merit. Appellant does not point out any particular instance where he was unduly limited in his cross-examination of Hunt.
Assignment of error number 10 was that the court erroneously allowed the state to amend the indictment to change the amount from $5,000 to $1,700. This amendment was of form and not of substance, and was properly allowed under Mississippi Code Annotated Sections 99-7-21 and 99-17-13 (1972).
Assignments of error 11, 12 and 13 are without merit, and we do not deem it necessary to discuss these bald allegations not supported by argument or citation of authority.
The conviction and sentence are, therefore, affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.