PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. The appellant, James “Pig” Cobb was convicted by a jury of burglary and larceny. The Lee County Circuit Court, the Honorable Frank Allison Russell presiding, sentenced Cobb to a term of twenty years incarceration, ten years suspended, in the custody of the Mississippi Department of Corrections and restitution to the victim of $1200. The trial court overruled Cobb’s motion for JNOV, and this appeal was timely perfected. Cobb raises two issues for our review: 1) whether the trial court committed reversible error in refusing to grant appellant a mistrial and 2) whether the trial court committed reversible error in improperly allowing amendment to the indictment. After a thorough review of the record and applicable precedents, we affirm the conviction and sentence in this case.
FACTS
¶ 2. On February 26, 1997 at approximately 9:00 P.M., a burglary in progress was reported to the Tupelo Police Department. On arriving at the scene of the burglary, Officer Paul Howell noticed a broken window in the door of the dwelling and received information that a possible suspect was seen fleeing the location. A police bulletin was issued and shortly thereafter, James Cobb was arrested. Subsequently, Cobb was indicted for burglary and larceny of a quantity of pennies *181 and whiskey. On the day of trial, the indictment was amended to reflect the property taken to be pennies and rings and to change the name of Mr. Cobb to accurately reflect his true name. Cobb was convicted and sentenced to a twenty year term of imprisonment in the custody of the Mississippi Department of Corrections, ten years suspended, and ordered to pay restitution of $1200 to the victim. After denial of his motion for JNOV, Cobb perfected this appeal where he presents two issues for our review.
DISCUSSION AND ANALYSIS
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO GRANT APPELLANT A MISTRIAL
¶ 3. Cobb’s first assignment of error alleges that he was improperly denied a mistrial for a discovery violation by the prosecution. This assignment is without merit. At trial, the prosecutor questioned the victim, Roosevelt Harris, about the items taken from his home the night of the burglary. Mr. Harris testified that he identified rolled pennies and a pocket knife as being his property. Cobb’s lawyer objected to the testimony about the pocket knife. The judge sustained the objection and admonished the jury to disregard that testimony. The prosecutor had not provided information about the pocket knife in discovery because it was not known to the prosecutor that the pocket knife had been taken from Mr. Harris until that day.
¶4. As an appellate court, we must assume that juries follow the instructions of the trial court. Reynolds v. State, 585 So.2d 753, 755 (Miss.1991); Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). Further, in the case sub judice, the trial court sustained Cobb’s contemporaneous objection and admonished the jury to disregard testimony about the pocket knife. It is well established that when improper testimony is elicited, and the trial court halts such testimony and instructs the jury accordingly, we will not find error. Baine v. State, 604 So.2d 249, 256 (Miss.1992); May v. State, 460 So.2d 778, 783 (Miss.1984). Since the trial court disallowed further testimony about the pocket knife and instructed the jury to disregard that testimony, no prejudicial error occurred. Thus, we overrule this assignment of error.
II. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN IMPROPERLY ALLOWING AMENDMENT TO THE INDICTMENT
¶5. Cobb’s second assignment of error surrounds the amendment of the indictment on the day of the trial. Cobb maintains that the trial court’s amendment amounted to a change of substance instead of a change as to form. Cobb cites various rules from the URCCC, including Rule 1.11, 6.07, and 7.09. Cobb argues that the amendment prevented him from adequately preparing a defense and denied him fair notice to contest the amendment. After careful consideration, we find Cobb’s assignment of error in this regard to be without merit and overrule the same.
¶ 6. URCCC 7.09 provides in pertinent part: “[a]ll indictments may be amended as to form but not as to the substance of the offense charged... .Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” In the case sub judice, Cobb was indicted for burglary of a dwelling with the intent to commit the crime of larceny. Regardless of the value of the property taken or whether any property was taken at all, this in no way prejudiced Cobb’s defense to the burglary charge nor was he unfairly surprised in such a way that his defense changed. The attorney general is correct in his assertion that this amendment was not one of substance. The amendment was inconsequential since Cobb was tried for burglary, and not larceny. The language used in the indictment referencing what Cobb took from the premises was “demonstrating the *182 burglarious intent.” See Feranda v. State, 267 So.2d 305, 306 (Miss.1972). We find this to be an amendment as to form which can properly be undertaken by the trial court. We therefore sustain the trial court’s action with regard to the amendment of the indictment.
¶ 7. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TEN YEARS SUSPENDED, AND RESTITUTION IN THE AMOUNT OF $1,200 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST LEE COUNTY.
BRIDGES, C.J, McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, KING, AND SOUTHWICK, JJ., CONCUR.
IRVING AND LEE, JJ., NOT PARTICIPATING.