THOMAS, J.,
for the court.
¶ 1. Jerome Tott was found guilty of felony DUI and sentenced to four years in the custody of the Mississippi Department of Corrections. Aggrieved, Tott perfected this appeal, raising the following issues as error:
I. THE LOWER COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT DURING TRIAL.
II. THE LOWER COURT ERRED IN DENYING TOTT’S MOTION FOR A DIRECTED VERDICT.
III. THE LOWER COURT ERRED IN SUBMITTING JURY INSTRUCTION “S-l” TO THE JURY.
Finding no error, we affirm.
FACTS
¶ 2. On May 30, 2000, Tott was tried for felony driving under the influence of intoxicants. Among the evidence provided by the State were the testimony of two arresting officers. No blood alcohol percentage was available due to the fact that Tott refused to take an alcohol analyzer test. Tott had been convicted of two prior DUIs in Harrison County. The jury returned a verdict of guilty of felony DUI. Tott was sentenced to a four year sentence in the custody of the Mississippi Department of Corrections.
¶ 3. During the State’s case in chief, Tott objected to the testimony of Deputy James Bristow based upon the fact that his testimony would include statements about finding marijuana in Tott’s car at the time of the DUI arrest. Tott argued that such testimony was irrelevant due to the fact that Tott was not charged with driving under the influence of marijuana pursuant to Miss.Code Ann. § 63 — 11—30(l)(d), which is a subsection of the DUI statute. The State argued that Bristow’s testimony about finding the marijuana would only corroborate the testimony of Deputy Cox, which had already been admitted without objection. Cox testified that he had pulled Tott over for reckless driving. Cox further testified that he smelled alcohol and marijuana while questioning Tott. Based on this information, Cox called Bristow, who is trained to work on narcotics cases with a “drug patrol dog.”
¶ 4. The lower court allowed Bristow’s testimony, stating that Tott had been indicted under Miss.Code Ann. § 63-11-30(l)(a) driving under the influence of aleo- *1087 hol, and (b) driving under the influence of “any other substance which has impaired such person’s ability to operate a motor vehicle.” Therefore, the testimony would be relevant for the State’s case because marijuana qualified as “some other substance.”
¶ 5. Tott later objected to the decision of the lower court to allow the State to amend the indictment to include “including marijuana” after the words “under the influence of some other substance.” Tott argued that driving under the influence of marijuana is found in Miss.Code Ann. § 63 — 11—30(1)(d) and to allow the “other substance” language of Miss.Code Ann. § 63 — 11—30(l)(b) to incorporate marijuana would only undermine the purpose of subsection (d)’s existence. Tott also argued that adding the language that belongs to Miss.Code Ann. § 63 — 11—30(l)(d) would change the nature and elements of the offense. Tott continued to explain that such an alteration of the nature and elements of the offense would operate as a change of the indictment in substance.
¶ 6. Despite Tott’s argument, the lower court allowed the State to amend the indictment, finding that the change was one of form and not one of substance. The lower court explained that the subsections of Miss.Code Ann. §§ 63-11-30(1) were not mutually exclusive, but operated as different ways in which a driver could be found to be impaired.
ANALYSIS
I. DID THE LOWER COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT DURING TRIAL?
¶ 7. Tott first contends that the lower court erred in, allowing Bristow’s testimony and, further, amending the indictment. Miss.Code Ann. § 63-11-30(1) reads as follows:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person’s ability to operate a motor vehicle; (c) has an alcohol concentration of ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person’s blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person’s breath, blood or urine administered as authorized by this chapter; (d) is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law; or (e) has an alcohol concentration of four one-hundredths percent (.04%) or more in the person’s blood, based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person’s blood, breath or urine, administered as authorized by this chapter for persons operating a commercial motor vehicle.
¶ 8. Our supreme court has established that “Miss.Code Ann. § 63-11-30 merely sets forth numerous methods of committing the same crime.” Young v. City of Brookhaven, 693 So.2d 1355, 1358 (Miss.1997). The Young court denied the defendant’s argument that his defense was prejudiced because different evidence and strategies were required to defend against *1088 the two differing charges. Id. The same analysis applies in the case at hand.
¶ 9. Our supreme court established in Greenlee v. State, 725 So.2d 816, 821-22 (Miss.1998), that “it is permissible to amend an indictment if the amendment is one of form and not of substance.” Id. (citing Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994)). The Greenlee court continued to explain that “a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case.” Greenlee, 725 So.2d at 822 (citing Wilson v. State, 574 So.2d 1324, 1333 (Miss.1990)). Therefore, “the test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.” Greenlee, 725 So.2d at 822 (citing Griffin v. State, 584 So.2d 1274, 1276 (Miss.1991)). With this in mind, we find that the lower court did not err in allowing the amendment of the indictment or the Bristow testimony.
II. DID THE LOWER COURT ERR IN DENYING TOTT’S MOTION FOR A DIRECTED VERDICT?
¶ 10. Tott also asserts that the lower court erred in denying a directed verdict. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain, 625 So.2d at 778. “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. at 778. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). The evidence here was more than sufficient to support the verdict.
III. DID THE LOWER COURT ERR IN SUBMITTING JURY INSTRUCTION “S-l” TO THE JURY?
¶ 11. Finally, Tott asserts that the lower court erred in granting jury instruction “S-l,” which read as follows:
The court instructs the jury that should you find from the evidence in this case, beyond a reasonable doubt that:
1. On or about August 27, 1999, In Lauderdale County, Mississippi
2. The defendant Jerome J. Tott did wilfully and unlawfully operate a motor vehicle while under the influence of alcohol and some other substance, including marijuana,
3. After having been convicted of at least two (2) prior DUI offenses within five (5) years of August 27,1999.
Then it is your sworn duty to find the defendant Jerome T. Tott guilty of the felony offense of driving under the influence. Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the defendant Jerome T. Tott guilty.
¶ 12. “If the instructions given provide correct statements of the law and are supported by the evidence, there is no prejudice to the defendant.” Sanders v. State, 313 So.2d 398, 401 (Miss.1975). Jury instruction “S-l” provides correct statements of the law and is supported by *1089 the evidence. Therefore, there is no prejudice to Tott.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF FELONY DUI AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $4,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.